IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH W. HAMMONTREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:15-CV-05091-MDH |
| | ) | |
| SAFECO INSURANCE CO. | ) | |
| OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are the parties' cross Motions for Partial Summary Judgment. (Docs. 21, 28). The issues raised in the motions focus on the interpretation of a pair of insurance agreements, and the question before this Court is whether multiple vehicle coverages within multiple policies may be stacked under the agreements' Underinsured Motorist ("UIM") coverage provisions.

## BACKGROUND[1]

On May 3, 2014, Plaintiff, Joseph Hammontree, was involved in an automobile accident with Ada Howard. At the time of the accident, Plaintiff was operating a motorcycle that he owned. As a result of the accident, Plaintiff suffered physical injuries, and his monetary damages arising from those injuries exceed $150,000. Ada Howard's insurance policy carried a liability limit of $50,000 per person injured, which has been paid to Plaintiff.

Joseph and Leonette Hammontree are the named insureds of a motorcycle insurance policy ("Motorcycle Policy") provided by Defendant, Safeco Insurance Company of Illinois.

---

[1] The parties submitted to the Court a Joint Stipulated Statement of Facts. (Doc. 20). No facts in this matter are in dispute.

That policy provides coverage for two motorcycles, one of which is the motorcycle Plaintiff was operating at the time of the accident.

The policy declarations page for the Motorcycle Policy indicates that each motorcycle has separate, identical coverage. The UIM Bodily Injury coverage limits are: "$100,000 Each Person[;] $300,000 Each Accident."

The Hammontrees are also the named insureds of an automobile insurance policy ("Auto Policy") provided by Safeco. That policy covers two other vehicles owned by the Hammontrees. Each vehicle has separate, identical coverage. The Auto Policy's declarations page indicates that the UIM Bodily Injury coverage limits are: "$100,000 Each Person[;] $300,000 Each Accident."

Under the Auto and Motorcycle Policies, Ada Howard qualified as an underinsured motorist. Safeco paid Plaintiff $100,000, pursuant to the Motorcycle Policy's UIM coverage. Plaintiff demanded that Safeco stack the UIM coverage for all four vehicles, which would have resulted in Safeco paying a total of $400,000 to Plaintiff. Safeco refused, citing anti-stacking provisions in both insurance agreements. Plaintiff filed this suit for claims of breach of contract and vexatious refusal to pay. Mo. Rev. Stat. §§ 375.296, 375.420.

In his arguments in the cross Motions for Partial Summary Judgment, Plaintiff takes the position that the insurance agreements are ambiguous regarding the permissibility of stacking underinsured motorist coverage. Defendant argues that the policies explicitly disallow stacking, that the provisions of this policy are distinguishable from those found to be ambiguous in other cases, and that the Auto Policy provides no UIM coverage due to an exclusion provision. Both Motions for Partial Summary Judgment have been fully briefed and are ripe for decision.

2

Case 3:15-cv-05091-MDH   Document 31   Filed 11/21/16   Page 2 of 11

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper if, viewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To do so, the moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## ANALYSIS

Plaintiff seeks to stack the UIM coverage from two of his insurance policies, an Automobile Policy and a Motorcycle Policy. UIM coverage follows the insured, rather than being tied to any one vehicle. *Long v. Shelter Ins. Cos.*, 351 S.W.3d 692, 696 (Mo. Ct. App. 2011). "[I]f the policy language is unambiguous in disallowing stacking, the anti-stacking provisions are enforceable." *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. 2009) (en banc). "State law governs the interpretation of insurance policies when federal jurisdiction is based on diversity of citizenship." *Jordan v. Safeco Ins. Co. of Ill.*, 741 F.3d 882, 884 (8th Cir. 2014) (quoting *Secura Ins. v. Horizon Plumbing, Inc.*, 670 F.3d 857, 861 (8th Cir.

2012)).[2] The interpretation of an insurance policy is a question of law for the Court to decide. *Richie*, 307 S.W.3d at 135. "[C]ourts should not interpret policy provisions in isolation but rather evaluate policies as a whole." *Id.* at 137. Ambiguities are found to exist when there is an apparent conflict or inconsistency between two policy provisions – one claiming to deny coverage when the other appears to grant it. *Manner v. Shiermeier*, 393 S.W.3d 58, 65 (Mo. 2013) (en banc). The Court must resolve any ambiguities in the policy in favor of the insured. *Id.* "Questions of contract interpretation are very specific to the policies interpreted, and thus courts must exercise care in applying case holdings that have interpreted policies not identical to the policy at issue." *Jordan*, 741 F.3d at 885.

*I. The Auto Policy*

The following Auto Policy provisions are at issue:

> **DEFINITIONS**
>
> **M.** "Your covered auto" means:
> **1.** Any vehicle shown in the Declarations.
> **2. a.** Any newly acquired vehicle . . . . Any newly acquired vehicle must be of the following types:
> **(1)** a private passenger auto;
> **(2)** a pickup or van . . .;
> [or]
> **(3)** a motorhome or trailer
>
> **EXCLUSIONS**
>
> **A.** We do not provide Underinsured Motorists Coverage for bodily injury sustained:
> **1.** By an insured while occupying, or when struck by, any motor vehicle owned by the insured which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

Defendant argues that the Auto Policy provides no coverage in this case due to the "owned but not insured" exclusion provision. "Before stacking can be an issue, there must first

---
[2] Both parties agree that Missouri law controls this matter.

4

be applicable coverages to stack." *Bush v. Shelter Mut. Ins. Co.*, 412 S.W.3d 336, 341 (Mo. Ct. App. 2013). Defendant argues that this provision precludes all UIM coverage under the Auto Policy because Plaintiff was occupying a motor vehicle that he owned but that was not insured under the Auto Policy.

"The burden of showing that an exclusion to coverage applies is on the insurer." *Manner*, 393 S.W.3d at 62. "Missouri also *strictly* construes exclusionary clauses against the drafter . . . ." *Burns v. Smith*, 303 S.W.3d 505, 510 (Mo. 2010) (en banc) (emphasis in original).

Plaintiff asserts that the exclusion does not apply because the motorcycle does not constitute a "motor vehicle" under the Auto Policy. The Auto Policy does not define the term motor vehicle. Plaintiff's position is that, because the Auto Policy clearly does not cover motorcycles – per the definition of a "covered auto" – motorcycles necessarily do not qualify as motor vehicles for the purposes of the exclusion.

A fundamentally similar argument was put forward, and rejected, in *McDonald v. GEICO General Insurance Company*, 2015 WL 4393880 (E.D. Mo. July 16, 2015). The provision there stated, "Bodily injury to an insured while occupying or through being struck by any motor vehicle owned by the insured or a relative that is not described in the declarations, or which is described in the declarations but Underinsured Motorist Coverage is not carried, is not covered." *Id.* at *3. The insured was injured while occupying a motorcycle he owned, and he sought to stack the UIM coverage of his various automobile policies. *Id.* at *6-7. The insured argued that an "owned" "motor vehicle" should be given the same meaning as the defined term, "owned auto". *Id.* at *7. The District Court rejected this argument, stating, "The phrase 'owned auto' does not appear in the exclusion as to an owned but not insured vehicle." *Id.*

5

Here, Plaintiff asks this Court to define "motor vehicle" based on the policy's definition of "your covered auto." However, the exclusion makes no reference to a "covered auto," or even an "auto" or "automobile." It applies to *all* motor vehicles that an insured might own but does not insure under that policy.

As the term "motor vehicle" is undefined, the term will be given "the meaning that would ordinarily be understood by the layman who bought and paid for the policy." *Manner*, 393 S.W.3d at 62 (quoting *Krombach v. Mayflower Ins. Co. Ltd.*, 827 S.W.2d 208, 210 (Mo. 1992) (en banc)). According to dictionaries and Missouri law, "motor vehicle" has a consistent definition. "[A] road vehicle powered by an engine (usually an internal-combustion engine)." OXFORD ENGLISH DICTIONARY. "[A]n automotive vehicle not operated on rails; esp: one with rubber tires for use on highways." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1476 (1961). For licensing and registration purposes, Missouri law defines "motor vehicle" as "any self-propelled vehicle not operated exclusively upon tracks, except farm tractors." Mo. Rev. Stat. § 301.010(33). It further defines "motorcycle" as "a motor vehicle operated on two wheels." Mo. Rev. Stat. § 301.010(35).

There is little doubt that a motorcycle qualifies as a motor vehicle under any layman's definition of that term. Plaintiff owned the motorcycle that he occupied at the time of the accident. That motorcycle was not insured under the Auto Policy. Therefore, the UIM coverage is excluded under the Auto Policy. With no UIM coverage available in these circumstances, Plaintiff is unable to stack the Auto Policy's UIM coverage with the Motorcycle Policy's UIM coverage.

6

*II. The Motorcycle Policy*

The following Motorcycle Policy provisions are at issue:

**DECLARATIONS PAGE**

Insurance is afforded only for the coverages for which limits of liability or premium charges are indicated.

2003 Yamaha Limits — Underinsured Motorists: Bodily Injury
$100,000 Each Person; $300,000 Each Accident
Premium $119.00

2007 Kawasaki Limits — Underinsured Motorists: Bodily Injury
$100,000 Each Person; $300,000 Each Accident
Premium $31.00

**LIMIT OF LIABILITY**

**A.** If the Policy Declarations indicate "Each Person/Each Accident" limits apply:

The limit of liability shown in the Policy Declarations for "each person" for Underinsured Motorists Coverage is our maximum limit of liability for all damages including damages for care and loss of services (including loss of consortium and wrongful death), arising out of bodily injury sustained by any one person in any one motorcycle accident.

Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Underinsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one motorcycle accident.

This is the most we will pay regardless of the number of:
    1. Insureds;
    2. Claims made;
    3. Motorcycles or premiums shown in the Declarations; or
    4. Vehicles involved in the motorcycle accident.

If more than one vehicle is insured under this policy, or if more than one policy issued to the insured applies to the same accident, the limits applicable to Underinsured Motorists Coverage may not be stacked.

**OTHER INSURANCE**

**A.** If there is other applicable underinsured motorist insurance available under one or more policies or provisions of coverage, the maximum recovery for damages

7

under all such policies or provisions may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing underinsured motorist coverage on either a primary or excess basis.

**B. 1.** In the event of bodily injury to an insured while occupying or using your covered motorcycle and more than one policy or provisions are applicable on a primary basis, we will share in the maximum amount stated in **A.**, above, in the proportion that our applicable policy limit bears to all applicable policies or provisions providing coverage on a primary basis, but no more than our limit of liability shown in the Policy Declarations.

The Motorcycle Policy contains multiple clear anti-stacking provisions. Nonetheless, Plaintiff argues the policy is ambiguous as to the ability to stack UIM coverage. Plaintiff first claims the policy is ambiguous as to the permissibility of stacking because the declarations page lacks a clear anti-stacking provision. The declarations page for the Motorcycle Policy states that "[i]nsurance is afforded only for the coverages for which limits of liability or premium charges are indicated." The declarations page indicates each motorcycle has a separate premium with separate UIM coverage, and the UIM limit of liability for each motorcycle is $100,000 for each person and $300,000 for each accident. Plaintiff's position is that the statement in the declarations page, the lack of an anti-stacking provision in the declarations page, and the stated limit of liability, combined with the nature of UIM coverage, would make it reasonable for an insured to believe that they have $200,000 in UIM coverage under the Motorcycle Policy.

Such contentions have been repeatedly rejected. First, an ambiguity is not created because part of a policy fails to prohibit stacking; it must appear to *authorize* stacking. *Midwestern Indem. Co. v. Brooks*, 779 F.3d 540, 546 (8th Cir. 2015) (citing *Daughhetee v. State Farm Mut. Ins. Co.*, 743 F.3d 1128, 1132 (8th Cir. 2014); *see also Jordan*, 741 F.3d at 884-85 ("[I]ssues arise . . . when policies contain clauses that claim to prohibit 'stacking' and also contain clauses that appear to authorize 'stacking.'"). Furthermore, it is well understood, under Missouri Law, that "[t]he 'declarations' are introductory only and subject to refinement and

8

Case 3:15-cv-05091-MDH   Document 31   Filed 11/21/16   Page 8 of 11

definition in the body of the policy." *Brooks*, 779 F.3d at 546 (quoting *Peters v. Farmers Ins. Co. Inc.*, 726 S.W.2d 749, 751 (Mo. 1987) (en banc)).

Plaintiff principally relies on *Fanning v. Progressive Northwestern Insurance Company*, 412 S.W.3d 360 (Mo. Ct. App. 2013), for the contention that the declarations page creates ambiguity. In that case, the Missouri Court of Appeals found ambiguity where the declarations page did not indicate a limitation that UIM coverage might be "set off" based on any recovery obtained from the underinsured motorist. *Id.* at 366. However, that holding was the result of a policy provision stating the declarations page would show limitations of liability. *Id.* The holding in *Fanning* "does not stand for the proposition that a policy's declarations page must notify an insured of limitations or exclusions to UIM coverage *absent such a requirement by the policy itself.*" *Naeger v. Farmers Ins. Co. Inc.*, 436 S.W.3d 654, 660 (Mo. Ct. App. 2014) (emphasis added).

The declarations page in Plaintiff's Motorcycle Policy provides "the policy's essential terms in an abbreviated form, and when the policy is read as a whole, it is clear that a reader must look elsewhere to determine the scope of coverage." *Floyd-Tunnell v. Shelter Mut. Ins. Co.*, 439 S.W.3d 215, 221 (Mo. 2014) (en banc). The declarations page merely indicates the vehicles for which coverage is provided, the types of coverage provided, the premium cost associated with the coverage, and the monetary value of the coverage. It gives the reader "no hint whether the indicated limits can be combined for a single accident." *Brooks*, 779 F.3d at 546. That does not create ambiguity. Thus, Plaintiff's contention that the declarations page is ambiguous is rejected.

Plaintiff's second argument points to the "Other Insurance" provisions. However, Plaintiff fails to demonstrate the presence of a statement that would appear to authorize stacking.

9

*Brooks*, 779 F.3d at 546 (citing *Daughhetee,* 743 F.3d at 1132). Section A of the "Other Insurance" provision unambiguously limits recovery to "the highest applicable limit for any one vehicle." No reasonable person could understand this to declare that the highest applicable limit for any one vehicle was the combined limit of all vehicles insured under the policy.

Section B indicates that, when multiple policies or provisions are applicable on a primary basis, Defendant's share of any recovery will never exceed its "limit of liability shown in the policy declarations." Plaintiff seeks to create ambiguity in this provision, where none exists, by pointing to the reference to the declarations page. This position essentially relies on the prior argument that the declarations page creates an ambiguity. It did not before, and it does not here. Section B does not appear to authorize stacking. It merely references the declarations page. No reasonable person could understand that Section B's reference to the declarations page invalidates or contradicts the rest of the policy's prohibition on stacking. The declarations page remains little more than a summary that must be understood alongside the policy as a whole.

For these reasons, the Court rejects Plaintiff's argument that the Motorcycle Policy is ambiguous as to stacking.

## CONCLUSION

Based on the undisputed facts and the unambiguous language of the Auto and Motorcycle Policies, Plaintiff is not permitted to stack his underinsured motorist coverage. The Auto Policy's UIM coverage is not applicable due to the exclusion provision, and the Motorcycle Policy unambiguously prohibits stacking. Therefore, Defendant is entitled to judgment as a matter of law, and Plaintiff is not entitled to judgment as a matter of law.

Accordingly, the Court hereby **GRANTS** Defendant's Motion for Partial Summary Judgment. (Doc. 21). Plaintiff's Motion for Partial Summary Judgment (Doc. 28) is hereby

**DENIED**. Furthermore, because Plaintiff is not entitled to additional insurance recovery as a matter of law, Defendant's refusal to pay cannot be vexatious, as a matter of law. Therefore, Count II of Plaintiff's Complaint is hereby **DISMISSED**.

IT IS SO ORDERED:
**Date: November 21, 2016**

                                                  */s/ Douglas Harpool*
                                                  **DOUGLAS HARPOOL**
                                                  **UNITED STATES DISTRICT JUDGE**